UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GARDERE DISCOUNT MART, LLC and H&Z REALTY, LLC d/b/a SAVE MORE MARKET #4<br>    Plaintiffs<br><br>VERSUS<br><br>NAUTILUS INSURANCE COMPANY<br>    Defendant | * * * * * * * * * * * | CIVIL ACTION NO.: 3:23-cv-1441<br><br>JUDGE:<br><br>MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NAUTILUS INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Nautilus Insurance Company ("Nautilus") respectfully submits this Notice of Removal. In support of this Notice of Removal, Nautilus states as follows:

**INTRODUCTION**

1. On August 23, 2023, plaintiffs filed this lawsuit bearing docket number 763387, Division "32", on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. *See* State Court record, attached as Exhibit A, at page 3.

2. On August 24, plaintiffs filed a First Supplemental and Amending Petition for Petition [sic] for Damages, correcting the case caption to show the proper defendant. *See* State Court record, attached as Exhibit A, at page 13.

3. Plaintiffs own the property located at 1557 Gardere Lane, Baton Rouge, Louisiana 70820. Petition at ¶ 4.

4. Plaintiff Gardere Discount Mart, LLC is a Louisiana limited liability company with its principal place of business in the Parish of East Baton Rouge, State of Louisiana. Upon information and belief, it is comprised of only one member, Yaser Zaben, who is also

domiciled in the Parish of East Baton Rouge, State of Louisiana. *See* Exhibits B (Secretary of State filing), and D (Voter registration of Yaser Zaben).

5. Plaintiff H & Z Realty LLC is a Louisiana limited liability company with its principal place of business in the Parish of East Baton Rouge, State of Louisiana. Upon information and belief, it is comprised of only four members, Arafat Zaben, Yasser Zaben, Bilal Hindi, and Rabah Hindi, each of whom are also citizens of Louisiana. *See* Exhibits C (Secretary of State filing), D (Voter registration of Yaser Zaben), E (Voter registration of Arafat Zaben), F (Voter registration of Bilal Hindi) and G (Voter registration of Rabah Hindi).

6. The Petition asserts that on or about August 29, 2021, Hurricane Ida damaged plaintiffs' property. Petition at ¶ 7.

7. Plaintiff alleges that Nautilus issued a policy of insurance that provides coverage for the alleged property damage. Petition at ¶ 5.

8. The Petition names Nautilus, a non-Louisiana citizen, as the only defendant. Petition at ¶ 1.

9. This action was filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, captioned *Gardere Discount Mart, LLC and H&Z Realty, LLC d/b/a Save More Market #4 v. Nautilus Insurance Company*, docket number 763387, Division "32."[1]

10. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount-in-controversy for plaintiffs' claim – as demonstrated on the face of the Petition – exceeds the sum of $75,000, exclusive of interests and costs.

---

[1] The matter was originally miscaptioned as *Gardere Discount Mart, LLC and H&Z Realty, LLC d/b/a Save More Market #4 v. **Atlantic Casualty Insurance Company**,* but was corrected upon the filing of plaintiffs' First Supplemental and Amending Petition.

11. The 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, is a state court within the Eastern District of Louisiana.

12. Nautilus has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A, *in globo*.

## **REMOVAL IS TIMELY**

13. This notice of removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . .
> [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

14. Nautilus was served with plaintiffs' Petition and First Supplemental and Amending Petition for Petition [sic] for Damages through the Louisiana Secretary of State on September 6, 2023. *See* Exhibit A, at pages 1 and 15.

15. The Petition alleges property damages in the amount of $610,997.86. Petition at ¶ 12. The Petition further alleges only $2,083.26 has been paid. Petition at ¶ 10.

16. The Petition is therefore removable on its face.

17. This removal is timely, as it has been filed less than 30 days from service of the Original Petition.

## DIVERSITY JURISDICTION

18. The Court has original diversity jurisdiction over plaintiffs' claims because the parties are completely diverse and because plaintiffs seek damages in excess of $75,000, as facially demonstrated in the Petition.

### *The Parties Are Completely Diverse*

19. Plaintiffs are both Louisiana limited liability companies with their principal places of business in the Parish of East Baton Rouge, State of Louisiana. *See* Exhibits B and C (Secretary of State filings).

20. For purposes of diversity jurisdiction, a limited liability company (LLC) is a citizen of every state of which its owners/members are citizens. 28 U.S.C.A. § 1332(a)(1).

21. "Some of the types of documentary evidence commonly considered by courts to determine domicile in fact include such things as voter registration… ." *Landiak v. Richmond*, 2005-0758, p. 10 (La. 3/24/05); 899 So.2d 535, 543.

22. Plaintiff Gardere Discount Mart, LLC is comprised of a total of one member, Yaser Zaben. *See* Exhibit B (Secretary of State filing).

23. Yaser Zaben is registered to vote in Louisiana. Exhibit D (Voter registration of Yaser Zaben). Therefore, Yaser Zaben is a citizen of Louisiana.

24. Because Gardere Discount Mart, LLC and its sole member are both domiciled in Louisiana, Plaintiff Gardere Discount Mart, LLC is a citizen of Louisiana for purposes of establishing diversity.

25. Plaintiff H & Z Realty LLC is comprised of a total of four members, Arafat Zaben, Yasser Zaben, Bilal Hindi, and Rabah Hindi. *See* Exhibit C (Secretary of State filing).

26. Arafat Zaben, Yasser Zaben, Bilal Hindi, and Rabah Hindi are each registered to vote in Louisiana. *See* Exhibits D (Voter registration of Yaser Zaben), E (Voter registration of Arafat Zaben), F (Voter registration of Bilal Hindi) and G (Voter registration of Rabah Hindi). Thus, Arafat Zaben, Yasser Zaben, Bilal Hindi, and Rabah Hindi are all citizens of Louisiana.

27. Because H & Z Realty LLC and each of its four members are all domiciled in Louisiana, Plaintiff H & Z Realty LLC is a citizen of Louisiana for purposes of establishing diversity.

28. Nautilus is a nongovernmental corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 7233 East Butherus Drive in Scottsdale, AZ. *See* Nautilus's Louisiana Department of Insurance Profile, attached as Exhibit C. Accordingly, Nautilus is a citizen of Arizona for purposes of diversity jurisdiction.

### *The Amount in Controversy Exceeds $75,000*

29. Nautilus, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Nautilus can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

30. Here, plaintiffs seek damages under commercial policy number NN1163354 relative to hurricane damages to their property.

31. Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

32. The Petition alleges property damages in the amount of $610,997.86. Petition at ¶ 12.

33. The Petition further alleges only $2,083.26 has been paid. Petition at ¶ 10.

34. Although Nautilus denies any amounts are due unto plaintiffs, these allegations show that the amount-in-controversy exceeds $75,000, even before considering any request for penalties and attorney fees.

35. Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins*. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co*., No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied."); *Randall v. State Farm Fire & Cas. Co*., No. 11-1358, 2011 WL 3204705, at *2 n. 17 (E.D. La. July 27, 2011).

36. Under Louisiana law, bad faith penalties are assessed in accordance with Louisiana Revised Statutes 22:1892 and 22:1973.

37. The penalty assessed under Louisiana Revised Statute 22:1973 when an insurer has breached its statutory duty of good faith and fair dealing is to be "an amount not to exceed ***two times the damages*** sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C) (emphasis added).

38. The penalty assessed under Louisiana Revised Statute 22:1892 when an insurer is ***fifty percent*** of the difference between the amount paid and the amount found to be due, as well as attorneys' fees. La. R.S. 22:1892(B)(1) (emphasis added).

39. When plaintiffs' claim for attorneys' fees and general damages under La. R.S. 22:1973 are taken into account, as they must be, the amount in dispute swells even further above the $75,000 amount-in-controversy threshold for diversity jurisdiction.

40. Finally, plaintiffs' Petition does not contain any allegation that the damages sought are insufficient to satisfy the requirements for federal jurisdiction. *See* La. Code Civ. Proc. art. 893(A)(1). The lack of such an allegation may operate as a concession that the jurisdictional minimum is met. *See, e.g.*, *Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) ("By failing to allege that their damages were insufficient to satisfy the federal jurisdictional minimum, plaintiffs have, in effect, conceded by their state court pleadings that the requisite jurisdictional amount is in controversy.").

41. Accordingly, the amount in controversy exceeds $75,000. Removal of this matter to federal court is proper under 28 U.S.C. § 1441.

## CONCLUSION

42. In sum, there exists complete diversity of citizenship between plaintiffs, on the one hand, and Nautilus, on the other, and the amount-in-controversy exceeds $75,000. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly, Nautilus respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

Respectfully submitted,

*/s/ Katherine L. Swartout*
H. Minor Pipes, III, 24603
Katherine L. Swartout, 36694
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Fax: (504) 322-7520
mpipes@pipesmiles.com
kswartout@pipesmiles.com

*Attorneys for Nautilus Insurance Company*