UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GARDERE DISCOUNT MART, LLC and H&Z REALTY, LLC d/b/a SAVE MORE MARKET #4<br>　　Plaintiffs<br><br>VERSUS<br><br>NAUTILUS INSURANCE COMPANY<br>　　Defendant | CIVIL ACTION NO.:   3:23-cv-01441<br><br>JUDGE:         SHELLY D. DICK<br><br>MAGISTRATE:  SCOTT D. JOHNSON |

## NAUTILUS INSURANCE COMPANY'S
## AFFIRMATIVE DEFENSES, ANSWER, AND JURY DEMAND

Defendant, Nautilus Insurance Company ("Nautilus") hereby responds to Plaintiffs Gardere Discount Mart, LLC and H&Z Realty, LLC d/b/a Save More Market #4's Petition for Damages with the following affirmative defenses, answer, and jury demand:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Nautilus Insurance Company issued commercial lines policy number NN1309513 (the "Policy") to Plaintiffs.

### SECOND DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs claims may be barred, in whole or in part, by the limits, provisions, terms, conditions, endorsements, and/or exclusions of the Policy.  The Policy is pled and incorporated herein as set forth herein in its entirety.

### FOURTH DEFENSE

Nautilus has not waived any of its rights under the Policy.

**FIFTH DEFENSE**

Plaintiffs' claims should be set off by prior payments under the Policy, the Policy's deductible, and/or any other policy or by payments received by Plaintiffs from any third parties.

**SIXTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by their failure to mitigate damages.

**SEVENTH DEFENSE**

Nautilus denies that it acted arbitrarily, capriciously, or in bad faith. Nautilus further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

**EIGHTH DEFENSE**

Nautilus denies that it breached any statutory duties to Plaintiffs; however, should Plaintiffs establish a violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

**NINTH DEFENSE**

Plaintiffs have no right to recover penalties, attorneys' fees, and/or costs.

**TENTH DEFENSE**

Plaintiffs have failed to state facts sufficient to give rise to a claim against Nautilus for penalties.

**ELEVENTH DEFENSE**

Nautilus denies that it received satisfactory proof of loss to the full extent of the losses claimed by plaintiffs.

**TWELFTH DEFENSE**

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

### THIRTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of res judicata, laches, unclean hands, waiver, payment, estoppel, and/or set-off.

### FOURTEENTH DEFENSE

The Policy affords coverage for direct physical loss of or damage to covered property resulting from a covered cause of loss, subject to the other provisions, conditions and exclusions in the Policy

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

  **a. Covered Property**

  Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2**. Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

  **(1) Building**, meaning the building or structure described in the Declarations, including:

- Completed additions;
- Fixtures, including outdoor fixtures;
- Permanently installed:
  - Machinery; and
  - Equipment;
- Personal property owned by you that is used to maintain or service the building or structure or its premises, including:
  - Fire-extinguishing equipment;
  - Outdoor furniture;
  - Floor coverings; and
  - Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

                *      *      *

**2. Property Not Covered**

Covered Property does not include:

\* \* \*

**q.** The following property while outside of buildings:

\* \* \*

**(1)** Fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, trees, shrubs or plants (other than trees, shrubs or plants which are "stock" or are part of a vegetated roof), all except as provided in the Coverage Extensions.

\* \* \*

**3. Covered Causes Of Loss**

See applicable Causes Of Loss form as shown in the Declarations.

\* \* \*

**5. Coverage Extensions**

Except as otherwise provided, the following Extensions apply to property located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises.

If a Coinsurance percentage of 80% or more, or a Value Reporting period symbol, is shown in the Declarations, you may extend the insurance provided by this Coverage Part as follows:

\* \* \*

**b. Outdoor Property**

You may extend the insurance provided by this Coverage Form to apply to your outdoor fences, radio and television antennas (including satellite dishes), trees, shrubs and plants (other than trees, shrubs or plants which are "stock" or are part of a vegetated roof), including debris removal expense, caused by or resulting from any of the following causes of loss if they are Covered Causes of Loss:

**(1)** Fire;

**(2)** Lightning;

**(3)** Explosion;

**(4)** Riot or Civil Commotion; or

**(5)** Aircraft.

The most we will pay for loss or damage under this Extension is $1,000, but not more than $250 for any one tree, shrub or plant. These limits apply to any one occurrence, regardless of the types or number of items lost or damaged in that occurrence.

Subject to all aforementioned terms and limitations of coverage, this Coverage Extension includes the expense of removing from the

4

>described premises the debris of trees, shrubs and plants which are the property of others, except in the situation in which you are a tenant and such property is owned by the landlord of the described premises.

Plaintiffs' claims may be barred in whole, or in part, to the extent that the claims do not seek insurance coverage for a physical loss to covered property for covered losses, such as for fencing.

### FIFTEENTH DEFENSE

The Policy excludes coverage for damage or loss caused by faulty, inadequate or defective workmanship, construction, or maintenance, as well as for wear and tear, among other exclusions:

### CAUSES OF LOSS - SPECIAL FORM
\* \* \*

**B. Exclusions**

\* \* \*

> 3. We will not pay for loss or damage caused by or resulting from any of the following. But if loss or damage by a Covered Cause of Loss results, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> \* \* \*
>
> c. Faulty, inadequate or defective:
>> (1) Planning, zoning, development, survey- ing, siting;
>>
>> (2) Design, specifications, workmanship, repair, construction, renovation, remod- eling, grading, compaction;
>>
>> (3) Materials used in repair, construction, renovation or remodeling; or
>>
>> (4) Maintenance;
>>
>> of part or all of any property wherever lo- cated.
>
> \* \* \*
>
> d. Wear and tear, any quality in the property that causes it to damage or destroy itself, hidden or latent defect, gradual deteriora- tion; mechanical breakdown; dampness, cold or heat.

Plaintiffs' claims may be barred in whole, or in part, to the extent that the claims seek insurance coverage for damages caused by or resulting from wear and tear, faulty construction, faulty workmanship, or any other excluded loss.

### SIXTEENTH DEFENSE

5

The Policy excludes cosmetic damage to roof surfacing:

### LIMITATION OF COVERAGE – ROOF SURFACING
\*         \*         \*

B. The following applies with respect to loss or damage by **wind or hail** to any building or structure shown in the Schedule of this endorsement:

We will not pay for cosmetic damage to roof surfacing caused by wind or hail. For the purpose of this endorsement, cosmetic damage means that the wind or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements as it did before the cosmetic damage occurred.

C. For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

All other terms and conditions remain unchanged.

Plaintiffs' claims may be barred in whole, or in part, to the extent that the claims seek insurance coverage for cosmetic roof damage.

### SEVENTEENTH DEFENSE

The Policy has specific provisions for the appraisal process, as modified for properties located in Louisiana:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM
\*         \*         \*

**E. Loss Conditions**
The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

  **b. Appraisal**

  If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

6

    **(1)** Pay its chosen appraiser; and

    **(2)** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

*　　　　*　　　　*

### AMENDMENT OF CONDITIONS – APPRAISAL

With respect to property located In Iowa, Kansas, Louisiana, Oklahoma or Texas the following provisions apply:

  a. Except as provided in B. below, the Appraisal Condition Is replaced by the following:

**APPRAISAL**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. A demand for appraisal must be made in writing within sixty (60) days after our receipt of final proof of loss. Final proof of loss is defined as all items, statements and forms required from the insured and any third parties to determine causation, coverage, and the amount of damage. In this event, each party will select an impartial and qualified appraiser within twenty (20) days of receipt of such demand. The two appraisers will select an impartial and qualified umpire. If the two appraisers cannot agree upon the selection of a qualified and impartial umpire within a reasonable time, either may, on ten (10) business days' notice to the other, petition a court of record in the county where the loss occurred to appoint an impartial and qualified umpire for the benefit of the parties. All communications by the parties or their appraisers with the umpire or any court shall be contemporaneously served on both appraisers.

The appraisers will state separately the actual cash value, and replacement cost value if such coverage is provided for in this policy, of each claimed item of loss, and will attempt to agree upon a joint written report providing the amount of each claimed item of loss. If they fail to agree within a reasonable time, they will submit their differences to the umpire. The umpire will prepare an itemized report stating (a) the amount of all agreed items of loss, and (b) the umpire's determination of each disputed item of loss. The written decision, agreed to by any two, will determine the amount of loss, but will not determine causation, coverage, or liability under the policy.

Each party will:

    **(1)** Pay its chosen appraiser; and

    **(2)** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Said provisions make it clear that the appraisal process does not circumvent coverage decisions and the right to deny plaintiffs' claims.

**EIGHTEENTH DEFENSE**

All allegations not specifically admitted herein are denied.

**NINETEENTH DEFENSE**

Defendant gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend its response to assert any such defense.

**ANSWER**

Responding to the specific allegations of Plaintiffs' Petition for Damages, Nautilus responds as follows:

1.

In response to the allegations contained in Paragraph 2 of the Petition, Nautilus admits only that it is a foreign insurer authorized to do, and doing, business in the State of Louisiana and can be served through the Louisiana Secretary of State. Further responding, Nautilus is a company organized under the laws of the State of Arizona with a principal place of business in Arizona.

2.

Paragraph 2 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus responds that it does not dispute this Court's jurisdiction.

3.

Paragraph 3 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus responds that it does not dispute this Court's venue. Nautilus denies the remaining allegations included in Paragraph 3 of the Petition.

4.

Nautilus denies the allegations contained in Paragraph 4 of the Petition for lack of information sufficient to justify a belief therein.

5.

In response to the allegations contained in Paragraph 5 of the Petition, Nautilus admits only that it issued commercial lines policy number NN1309513 to Gardere Discount Mart, LLC and H&Z Realty, LLC d/b/a Save More Market #4 relative to the gas station located at 1557 Gardere Lane, Baton Rouge, Louisiana, 70820, the contents of which is the best evidence of its terms, conditions, and exclusions. Nautilus denies the remaining allegations contained in Paragraph 5 of the Petition.

6.

Nautilus denies the allegations contained in Paragraph 6 of the Petition for lack of information sufficient to justify a belief therein.

7.

In response to the allegations contained in Paragraph 7 of the Petition, Nautilus admits only, on information and belief, that Hurricane Ida made landfall near Port Fourchon, Louisiana on August 29, 2021 and that the Plaintiffs' property sustained certain damage during Hurricane Ida, for which Nautilus has issued payment per the terms and conditions of the Policy. Nautilus denies the remaining allegations included in Paragraph 7 of the Petition.

8.

Nautilus denies the allegations contained in Paragraph 8 of the Petition.

9.

In response to the allegations contained in Paragraph 9 of the Petition, Nautilus admits only that an alleged loss was reported to Nautilus on or about September 14, 2021, who assigned Claim No. N000010120526. Nautilus denies the remaining allegations included in Paragraph 9 of the Petition for lack of information sufficient to justify a belief therein.

10.

Nautilus admits the Property was initially inspected on September 24, 2021 and that a payment of $2,083.26 was made to Plaintiffs in accordance with the terms and conditions of the Policy.

11.

Paragraph 11 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 11 of the Petition.

12.

In response to the allegations contained in Paragraph 12 of the Petition, Nautilus admits only that Plaintiffs hired Assured Value Claims Public Adjusting, who created a damage estimate in the amount of $610,997.86 comprised of $556,446.80 for Building and $54,551.06 for Business Property. Nautilus denies the remaining allegations contained in Paragraph 12 of the Petition.

13.

Paragraph 13 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 13 of the Petition.

14.

Nautilus denies the allegations contained in Paragraph 14 of the Petition.

15.

Nautilus denies the allegations contained in Paragraph 15 of the Petition.

16.

In response to the allegations contained in Paragraph 16 of the Petition, Nautilus admits only that Plaintiffs invoked appraisal on or about May 22, 2023, which Nautilus accepted on or about June 5, 2023, and that as of the date of the filing of this Answer, the claim is still proceeding in the appraisal process. Nautilus denies the remaining allegations included in Paragraph 16 of the Petition.

17.

Paragraph 17 of the Petition contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 17 and specifically denies that it violated the terms of the Policy or that it owes any amounts unto Plaintiffs. Further responding, Nautilus states that it reasonably investigated Plaintiffs' claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy. Plaintiffs are not entitled to the relief sought.

18.

Nautilus denies the allegations contained in Paragraph 18 of the Petition. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

19.

Nautilus denies the allegations contained in Paragraph 19 of the Petition. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

20.

Nautilus denies the allegations contained in Paragraph 20 of the Petition. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

21.

Nautilus denies the allegations contained in Paragraph 21 of the Petition. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

22.

Paragraph 22 of the Petition does not require a response. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 22.

23.

Paragraph 23 of the Petition contains a statement of law to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 23 of the Petition.

24.

In response to the allegations contained in Paragraph 24 of the Petition, Nautilus admits only that it issued commercial lines policy number NN1309513 to Gardere Discount Mart, LLC and H&Z Realty, LLC d/b/a Save More Market #4 relative to the gas station located at 1557 Gardere Lane, Baton Rouge, Louisiana, 70820, the contents of which is the best evidence of its terms, conditions, and exclusions.

25.

In response to the allegations contained in Paragraph 25 of the Petition, Nautilus admits only that it issued commercial lines policy number NN1309513 to Gardere Discount Mart, LLC and H&Z Realty, LLC d/b/a Save More Market #4 relative to the gas station located at 1557 Gardere Lane, Baton Rouge, Louisiana, 70820, the contents of which is the best evidence of its terms, conditions, and exclusions.

26.

Paragraph 26 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 26. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

27.

Paragraph 27 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 27. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

28.

Paragraph 28 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 28. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

29.

Nautilus denies the allegations contained in Paragraph 29 of the Petition.

30.

Paragraph 30 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 30. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

31.

Paragraph 31 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 31. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

32.

Paragraph 32 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in

Paragraph 32. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

33.

Paragraph 33 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 33. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

34.

Paragraph 34 of the Petition does not require a response. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 34.

35.

Paragraph 35 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 35. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

36.

Paragraph 36 of the Petition contains a statement of law to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 36 of the Petition.

37.

Paragraph 37 of the Petition contains a statement of law to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 37 of the Petition.

38.

Paragraph 38 of the Petition contains a statement of law to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 38 of the Petition.

39.

Paragraph 39 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 39. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

40.

Paragraph 40 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 40. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

41.

Paragraph 41 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in

Paragraph 41. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

42.

Paragraph 42 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 42. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

43.

Paragraph 43 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 43. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

44.

Paragraph 44 of the Petition does not require a response. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 44.

45.

Paragraph 45 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 45. Further responding, Nautilus states that it reasonably investigated Plaintiff's claim,

provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

46.

Paragraph 46 of the Petition does not require a response. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 46.

47.

Paragraph 47 was omitted in Plaintiffs' Petition, therefore no response is required.

48.

Paragraph 48 of the Petition contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nautilus denies the allegations contained in Paragraph 31, and subparts (a) through (i). Further responding, Nautilus states that it reasonably investigated Plaintiff's claim, provided a coverage determination, and issued payment for alleged damages per the terms and conditions of the Policy.

"PRAYER"

The unnumbered paragraph of the Petition that begins with "WHEREFORE," contains a prayer for relief to which no response is required. To the extent that a response is deemed necessary, Nautilus denies the allegations contained in this paragraph. Plaintiff is not entitled to the relief sought.

**JURY DEMAND**

Nautilus respectfully requests a jury trial on all issues so triable.

Defendant, Nautilus Insurance Company prays that its affirmative defenses, answer, and jury demand be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor, with all costs and fees assessed against Plaintiffs.

                    Respectfully submitted,

                    */s/ Katherine L. Swartout*
                    H. Minor Pipes, III, 24603
                    Katherine L. Swartout, 36694
                    PIPES | MILES | BECKMAN, LLC
                    1100 Poydras Street, Suite 3300
                    New Orleans, Louisiana 70163
                    Telephone: (504) 322-7070
                    Fax: (504) 322-7520
                    mpipes@pipesmiles.com
                    kswartout@pipesmiles.com

                    *Attorneys for Nautilus Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel of record by email, facsimile and/or by U.S. Mail delivery, this 16th day of October 2023.

                    */s/ Katherine L. Swartout*